| | |
|---|---|
| LISA M. PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VACAVILLE, et al.,<br><br>Defendants. | No. 2:19-cv-0521 JAM DB PS<br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Lisa Patterson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff is proceeding on an amended complaint filed on April 5, 2019. (ECF No. 10.)

On April 16, 2019, plaintiff filed a motion for leave to file a second amended complaint along with a proposed second amended complaint. (ECF Nos. 12 & 13.) The motion is noticed for hearing before the undersigned on May 17, 2019.[1] On April 25, 2019, defendant City of Vacaville filed a motion to dismiss the amended complaint. (ECF No. 16.) On May 2, 2019, defendant City of Vacaville filed an opposition to plaintiff's motion for leave to amend. (ECF No. 19.)

////

---

[1] The undersigned finds that plaintiff's motion may be resolved without a hearing pursuant to Local Rule 230(g).

1

Leave to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, ("Rule"). Rule 15 "is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, the undersigned finds that plaintiff is not seeking leave to amend in bad faith nor will granting leave to amend produce an undue delay in this litigation. Defendant seeks to avoid being put "through the burden of preparing yet a *third* motion to dismiss, as to facts and claims that are fundamentally flawed[.]" (Def.'s Opp.'n (ECF No. 19) at 5) (emphasis in original). That burden, however, would not seem especially great given defendant's acknowledgement that the proposed second amended complaint's "facts and claims . . . are substantially the same as presented in the Complaint and FAC." (Id.)

Regardless, however burdensome preparing a third motion to dismiss may be, it does not amount to prejudice. See Westlands Water District v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument"). "[P]rejudice requires greater harm than simply that relief would delay resolution of the case." Lemoge v. U.S., 587 F.3d 1188, 1196 (9th Cir. 2009) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.")).

Defendant also argues that granting plaintiff further leave to amend is futile. (Def.'s Opp.'n (ECF No. 19) at 9-11.) On motion to dismiss, defendant's argument may prove accurate. At this stage of the proceedings—and having not previously dismissed plaintiff's complaint with leave to amend—the undersigned is not prepared to find that granting plaintiff further leave to

amend is futile.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 16, 2019 motion for leave to amend (ECF No. 12) is granted;

2. The proposed second amended complaint filed April 16, 2019 (ECF No. 13) is the operative complaint in this action;

3. The May 17, 2019 hearing of plaintiff's motion for further leave to amended is vacated;

4. Defendant's April 25, 2019 motion to dismiss the first amended complaint (ECF No. 16) is denied without prejudice to renewal as having been rendered moot;

5. The May 31, 2019 hearing of defendant's motion to dismiss is vacated; and

6. Defendant shall file a response to the second amended complaint within 21 days of the date of this order.

Dated: May 13, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\patterson0521.lta.ord