UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA M. PATTERSON, | No. 2:19-cv-0521 JAM DB PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VACAVILLE, et al., | |
| Defendants. | |

Plaintiff Lisa Patterson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant City of Vacaville's motion to dismiss. (ECF No. 38.) For the reasons stated below, defendant's motion to dismiss will be granted and plaintiff will be granted leave to file a third amended complaint.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on October 25, 2018, by filing a complaint in the Sacramento County Superior Court. (ECF No. 1 at 5.[1]) Defendant City of Vacaville removed the matter to this court pursuant to federal question jurisdiction on March 25, 2019. (ECF No. 1.)

---
[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Plaintiff is proceeding on a second amended complaint filed on April 16, 2019. (ECF No. 13.) Therein, plaintiff alleges generally that this "is a Civil rights, Police negligence, breach of contract, slavery, corruption, contempt of court, gangstalking and malice" action "resulting in the breaking of [plaintiff's] constitutional, human and civil rights." (Sec. Am. Compl. (ECF No. 13) at 2.) More specifically, plaintiff alleges that on June 7, 2018, plaintiff called the Vacaville Police Department ("VPD") to report a violation of a restraining order. (Id. at 9.) On July 7, 2018, plaintiff called the VPD "to report a threat that was made to her by her neighbor[.]" (Id.) VPD "Officer Simon denied [plaintiff] a thorough investigation[.]" (Id.)

On July 11, 2018, VPD "Officer Brennan was stalking and harassing" plaintiff. (Id. at 9.) On August 4, 2018, plaintiff's neighbor "was gangstalking her." (Id.) On August 24, 2018, plaintiff made a report to the VPD that "alleged how" the family of VPD "SGT. Kellis . . . kidnapped and threatened [plaintiff] for her newborn daughter." (Id. at 8.)

On September 13, 2018, plaintiff was raped by a person known to her. (Id. at 2.) The following day plaintiff reported the rape to the VPD. (Id.) Plaintiff received a call from VPD Officer Eisert who "was unprofessional[.]" (Id.) "Officer Eisert never stated about [plaintiff's] sexual assault and DNA victims' rights." (Id. at 8.) When asked "about the terms of rape [Officer Eisert] laughed and then said 'NO!'" (Id.) Officer Eisert told plaintiff "'a rape kit is not going to do anything'" and "never asked for any evidence[.]" (Id.)

On October 5, 2018, plaintiff questioned Vacaville's "Mayor Len Augustine . . . . on how the Vacaville Police Department still never got back to [plaintiff] about the kidnapping of [plaintiff's] newborn daughter." (Id. at 2.) The mayor answered that he would contact the VPD. (Id.) On October 12, 2018, plaintiff received a letter from the VPD stating it completed "a thorough investigation" of plaintiff's "report of threatening and kidnapping[.]" (Id.) On November 5, 2019, VPD "Officer Brennan stalked and harassed" plaintiff at 4pm "at Maximum Fitness in Vacaville ca[.]" (Id.)

Based on these allegations the complaint asserts the following causes of action against various named defendants: (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1983 (Municipal and Supervisory Liability); (3) California Civil Code § 52.1; (4) negligence; (5) Gangstalking Penal

2

| | |
|---|---|
| 1 | Code § 646.9; (6) Americans with Disabilities Act; and (7) 18 U.S.C. § 242.  (Id. at 12-29.)
| 2 | Defendant City of Vacaville filed the pending motion to dismiss pursuant to Rule 12(b)(6) of the
| 3 | Federal Rules of Civil Procedure on May 14, 2019.  (ECF No. 29.)  Plaintiff filed an opposition
| 4 | on June 26, 2019.  (ECF No. 35.)  Defendant filed a reply on July 2, 2019.  (ECF No. 36.)
| 5 | Defendant's motion to dismiss was taken under submission on July 8, 2019.  (ECF No. 38.)
| 6 | Plaintiff filed sur-replies on July 8, 2019, and July 25, 2019.[2]  (ECF Nos. 39 & 40.)

**STANDARD**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

---

[2] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-replies in evaluating defendant's motion.

3

an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

**I.     Rule 4(m)**

Before turning to defendant's motion to dismiss the undersigned notes that although summons has issued for several defendants only defendant City of Vacaville has appeared in this action. (ECF No. 11.)  And plaintiff has not filed proof of service on any defendant.  Plaintiff is advised that Rule 4(m) of the Federal Rules of Civil Procedure provides, generally, that a defendant must be dismissed if service of the summons and complaint are not accomplished on the defendant within 90 days after the complaint was filed

> … Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).

////

////

4

## II. Defendant's Motion to Dismiss

Review of the second amended complaint and defendant's motion to dismiss finds that defendant's motion to dismiss must be granted as the second amended complaint fails to state a claim against defendant City of Vacaville. In this regard, the second amended complaint is devoid of any factual allegations asserting any alleged wrongdoing by defendant City of Vacaville.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

With respect to the specific claims asserted, of the second amended complaint's seven causes of action only the following five are asserted against defendant City of Vacaville: (1) violation of California Civil Code § 52.1; (2) negligence; (3) violation of California Penal Code § 646.9; (4) violation of the Americas With Disabilities Act ("ADA"); and (5) violation of 18 U.S.C. § 242. (Sec. Am. Compl. (ECF No. 13) at 17-29.)

18 U.S.C. § 242 does not, however, provide a private right of action as it is a criminal statute. See Powell v. Kopman, 511 F. Supp. 700, 704 (S.D. N.Y. 1981) (dismissing claim under 18 U.S.C. § 242, "which is the criminal analogue to [42 U.S.C.] § 1983," because "a criminal provision . . . does not create a private right of action").

As for the ADA, "Congress enacted the ADA 'to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.'" Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 669 (9th Cir. 2010) (quoting 42 U.S.C. § 12101(b)(2)). "Title II is the portion of the ADA that applies to state and

local governments." Cohen v. City of Culver City, 754 F.3d 690, 694-95 (9th Cir. 2014). "To prevail under Title II, the plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability." Id. Here, the second amended complaint simply asserts in a vague and conclusory manner that the defendant "failed to reasonably accommodate Defendants (sic) disability in the course of contacting and seizing him, causing her to suffer greater injury in the process than other residence in Vacaville." (Sec. Am. Compl. (ECF No. 13) at 26.)

As to the second amended complaint's state law causes of action, the "California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff "must allege compliance or circumstances excusing compliance" in the complaint. Id. Here, the second amended complaint does not address the California Tort Claims Act.

For the reasons stated above, defendant's motion to dismiss must be granted.

### III. Leave to Amend

The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, although plaintiff has previously been granted leave to amend, this is the first instance in which the undersigned has provided legal analysis addressing the deficiencies found in plaintiff's complaint. In light of this fact, plaintiff's pro se status, and the vague and conclusory nature of the second amended complaint, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile.

Accordingly, the second amended complaint's claims against defendant City of Vacaville will be dismissed, and plaintiff will be granted leave to file a third amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file a third amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The third amended complaint will supersede the second amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's May 14, 2019 motion to dismiss (ECF No. 29) is granted.

2. The claims found in the second amended complaint (ECF No. 13) asserted against defendant City of Vacaville are dismissed with leave to amend.

3. Within twenty-eight days from the date of this order plaintiff may elect to file a third amended complaint that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The third amended complaint must bear the case number assigned to this action and must be titled "Third Amended Complaint."

4. Alternatively, plaintiff may forgo filing a third amended complaint and elect to proceed on the claims asserted against the other defendants in this action. In this regard, plaintiff is not obligated to file a third amended complaint. However, failure to timely file a third amended complaint will be construed as plaintiff's consent to the dismissal of defendant City of Vacaville from this action without prejudice.

Dated: January 20, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\patterson0521.mtd.ord