1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LISA M. PATTERSON,                    No.  2:19-cv-0521 JAM DB PS

12            Plaintiff,

13       v.                                FINDINGS AND RECOMMENDATIONS

14   CITY OF VACAVILLE, et al.,

15            Defendants.

16

17          Plaintiff Lisa Patterson is proceeding in this action pro se.  This matter was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the undersigned are defendants' motions to dismiss the third amended complaint and

20   plaintiff's motions to strike and for further leave to amend.  (ECF Nos. 45, 50, 51, 54, 57.)

21          For the reasons stated below, the undersigned recommends that defendants' motions be

22   granted, plaintiff's motions be denied, and that the third amended complaint be dismissed without

23   further leave to amend.

24                              **BACKGROUND**

25          Plaintiff, proceeding pro se, commenced this action on October 25, 2018, by filing a

26   complaint in the Sacramento County Superior Court.  (ECF No. 1 at 5.[1])  Defendant City of

27   _____

28   [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

                                        1

1   Vacaville removed the matter to this court pursuant to federal question jurisdiction on March 25,

2   2019.  (ECF No. 1.)  Plaintiff is proceeding on a third amended complaint filed on January 23,

3   2020.  (ECF No. 42.)

4          Therein, plaintiff alleges generally that this "is a Civil rights, Police negligence, breach of

5   contract, slavery, corruption, contempt of court, gangstalking and malice" action "resulting in the

6   breaking of [plaintiff's] constitutional, human and civil rights."  (Third Am. Compl. (ECF No. 42)

7   at 5.)  More specifically, plaintiff alleges that on June 7, 2018, plaintiff called the Vacaville

8   Police Department ("VPD") to report a violation of a restraining order.  (Id. at 10.)  On July 7,

9   2018, plaintiff called the VPD "to report a threat that was made to her by her neighbor[.]"  (Id.)

10  VPD "Officer Simon denied [plaintiff] a thorough investigation[.]"  (Id.)

11         On July 11, 2018, VPD "Officer Brennan was stalking and harassing" plaintiff.  (Id.)  On

12  September 14, 2018, plaintiff called the VPD to report a rape.  (Id. at 9.)  Plaintiff received a call

13  from VPD Officer Eisert.  (Id.)  When asked "about the terms of rape [Officer Eisert] laughed and

14  then said 'NO!'"  (Id.)  Officer Eisert told plaintiff "'a rape kit is not going to do anything'" and

15  "never asked for any evidence[.]"  (Id.)

16         On October 12, 2018, plaintiff received a letter from the VPD stating it completed "a

17  thorough investigation" of plaintiff's "report of threatening and kidnapping[.]"  (Id.)  On

18  November 5, 2019, VPD "Officer Brennan stalked and harassed" plaintiff at 4pm "at Maximum

19  Fitness in Vacaville ca[.]"  (Id.)  Based on these allegations the third amended complaint asserts

20  the following causes of action against various named defendants: (1) 42 U.S.C. § 1983; (2) 42

21  U.S.C. § 1983 (Municipal and Supervisory Liability); (3) California Civil Code § 52.1; (4)

22  negligence; (5) Gangstalking Penal Code § 646.9; (6) Americans with Disabilities Act; and (7) 18

23  U.S.C. § 242.  (Id. at 12-24.)

24         Defendants Vacaville City Manager Jeremy Craig, Police Chief John Carli, Capt.

25  Schmutzler, Lt. Donaldson, Lt. Polen, Sgt. Carey, Sgt. Kellis, Sgt. Nadasdy, Sgt. Ramirez,

26  Officer Simon, Officer Eisert, and Officer Brennan, ("Individual Defendants"), filed a motion to

27  dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, ("Rules"), on January 28,

28  ////

1   2020.  (ECF No. 45.)  Plaintiff filed an opposition and motion to strike on February 3, 2020.[2]

2   (ECF No. 50.)

3        On February 6, 2020, defendant City of Vacaville filed a motion to dismiss pursuant to

4   Rule 12(b)(6) and for a more definitive statement pursuant to Rule 12(e).  (ECF No. 51.)  On

5   February 19, 2020, plaintiff filed a motion for further leave to amend and a proposed fourth

6   amended complaint.  (ECF Nos. 54 & 55.)  Plaintiff's motion, however, was defective as filed.

7   (ECF No. 56.)  On February 24, 2020, plaintiff filed a "re-motion for leave."  (ECF No. 57.)  On

8   March 2, 2020, the individual defendants filed a reply to plaintiff's opposition.  (ECF No. 58.)

9   On March 9, 2020, the undersigned took the motions under submission.  (ECF No. 60.)

10                                        **STANDARD**

11  **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

12       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

13  sufficiency of the complaint.  <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir.

14  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

15  sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901

16  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

17  relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A

18  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

19  the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v.</u>

20  <u>Iqbal</u>, 556 U.S. 662, 678 (2009).

21       In determining whether a complaint states a claim on which relief may be granted, the

22  court accepts as true the allegations in the complaint and construes the allegations in the light

23  most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v.</u>

24  <u>United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

25  stringent standards than formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519,

26  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

27  _____

28  [2] Although styled as a motion to strike, the document is an opposition.  The undersigned will,
    therefore, recommend that plaintiff's motion to strike be denied.

form of factual allegations.  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th

Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

an unadorned, the defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 556 U.S. at 678.  A

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 676

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

not been alleged."  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>,

459 U.S. 519, 526 (1983).

   In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

to consider material which is properly submitted as part of the complaint, documents that are not

physically attached to the complaint if their authenticity is not contested and the plaintiff's

complaint necessarily relies on them, and matters of public record.  <u>Lee v. City of Los Angeles</u>,

250 F.3d 668, 688-89 (9th Cir. 2001).

## II.   Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)

   Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to
> which a responsive pleading is allowed but which is so vague or
> ambiguous that the party cannot reasonably prepare a response.  The
> motion must be made before filing a responsive pleading and must
> point out the defects complained of and the details desired.  If the
> court orders a more definite statement and the order is not obeyed
> within 14 days after notice of the order or within the time the court
> sets, the court may strike the pleading or issue any other appropriate
> order.

Fed. R. Civ. P. 12(e); <u>see also</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("If a

pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant

can move for a more definite statement under Rule 12(e) before responding."); <u>C.B. v. Sonora</u>

<u>Sch. Dist.</u>, 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only

////

4

1  if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

2  asserted, i.e., so vague that the defendant cannot begin to frame a response.").

3      "Motions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely

4  granted[.]'" Nguyen v. CTS Electronics Manufacturing Solutions Inc., 301 F.R.D. 337, 340

5  (N.D. Cal. 2014) (quoting E.E.O.C. v. Alia Corp., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012)).

6  A court should deny a motion for a more definite statement "if the complaint is specific enough to

7  notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a

8  motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at

9  1191.  A Rule 12(e) motion "is likely to be denied where the substance of the claim has been

10 alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d

11 1159, 1169 (E.D. Cal. 2005).  This liberal pleading standard is consistent with Federal Rule of

12 Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of

13 the claim." Id.

14                              **ANALYSIS**

15 **I.    Individual Defendants' Motion to Dismiss Pursuant to Rule 4(m)**

16      As noted above, the individual defendants seek dismissal from this action due to

17 plaintiff's failure to comply with Rule 4(m).  (ECF No. 45.)  Defendants' motion establishes the

18 following.  Plaintiff's original complaint was filed in the Sacramento County Superior Court on

19 October 25, 2018, and named as defendants the City of Vacaville, City Police Chief John Carli,

20 Sgt. Smith, and Officer E.  (ECF No. 1 at 5.)  Plaintiff attempted service of the complaint on the

21 City Manager, then-City Mayor, and a City Police Department Records Assistant.  (ECF No. 45

22 at 6.)

23      On January 9, 2019, plaintiff filed a "Complaint and Jury Demand," and the Sacramento

24 County Superior Court issued summons to "City of Vacaville, a public entity; City of Vacaville

25 Police Chief John Carli, in his individual and official capacities; SGT. Smith, Officer E and Does

26 1 - 20."  (ECF No. 1 at 47.)  Plaintiff personally delivered this summons to the City.  (ECF No. 45

27 at 7.)  An unknown party provided these documents "to the City's police department by pushing

28 the documents against the lobby glass window of the front counter" on February 21, 2019.  (Id. at

                              5

1   8.)  Plaintiff filed a first amended complaint on March 19, 2019.  (Id.)  There is no proof of

2   service for this amended complaint.  (Id.)

3         On March 25, 2019, the action was removed to this court.  (ECF No. 1.)  On that date a

4   letter was issued to plaintiff advising plaintiff of Rule 4.  (ECF No. 3.)  On April 5, 2019, plaintiff

5   filed a first amended complaint in this court.  (ECF No. 10.)  On April 16, 2019, plaintiff filed a

6   second amended complaint.  (ECF No. 13.)

7         On January 21, 2020, the undersigned dismissed plaintiff's second amended complaint

8   with further leave to amend.  (ECF No. 41.)  Therein, the undersigned advised plaintiff that

9   "although summons has issued for several defendants only defendant City of Vacaville has

10  appeared in this action" and that "plaintiff has not filed proof of service on any defendant."  (Id.

11  at 4.)  Plaintiff was warned that Rule 4(m) provided that "a defendant must be dismissed if

12  service of the summons and complaint are not accomplished on the defendant within 90 days after

13  the complaint was filed."  (Id.)

14        On January 23, 2020, plaintiff filed a third amended complaint.  (ECF No. 42.)

15  Additional summonses issued.  (ECF No. 43.)  On January 28, 2020, the individual defendants

16  filed the pending motion to dismiss due to plaintiff's failure to comply with Rule 4(m).  (ECF No.

17  45.)  Despite the undersigned's caution and defendants' motion to dismiss, plaintiff has never

18  filed proof of proper service on any individual defendant, as to the third amended complaint or

19  any other complaint.

20        As plaintiff was previously advised, Rule 4(m) of the Federal Rules of Civil Procedure

21  provides, generally, that a defendant must be dismissed if service of the summons and complaint

22  are not accomplished on the defendant within 90 days after the complaint was filed.

23          … Rule 4(m) provides two avenues for relief.  The first is mandatory:
    the district court must extend time for service upon a showing of
24  good cause.  The second is discretionary: if good cause is not
    established, the district court may extend time for service upon a
25  showing of excusable neglect.

26  Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587

27  F.3d 1188, 1198 (9th Cir. 2009)).

28  ////

1    "When considering a motion to dismiss a complaint for untimely service, courts must

2    determine whether good cause for the delay has been shown on a case by case basis."  In re

3    Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).  The burden to show good cause is the plaintiff's.

4    See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).  "At a minimum, 'good cause'

5    means excusable neglect.  A plaintiff may also be required to show the following: (a) the party to

6    be served personally received actual notice of the lawsuit; (b) the defendant would suffer no

7    prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."

8    Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)).

9        Here, plaintiff's opposition fails to show either excusable neglect or good cause.

10   Plaintiff's opposition in fact fails to discuss any of the relevant factors.  Instead, plaintiff argues

11   that defendants "motion to dismiss should be denied because of the court clerk submitting all

12   pleadings electronically after they have been filed to the court."  (Pl.'s Opp.'n (ECF No. 50) at 2.)

13   According to plaintiff, "[i]n the state of California any person who is enrolled in the State bar is

14   required by law to electronically file which would consent to receive service by e-filing."  (Id.)  In

15   this regard, defendants' "counsel have express consent by affirmative consent through electronic

16   means."  (Id. at 3.)

17       Plaintiff is incorrect.  Pursuant to Rule 4(e) a plaintiff may serve an individual defendant

18   by:

19           (1) following state law for serving a summons in an action brought
             in courts of general jurisdiction in the state where the district court is
20           located or where service is made; or

21           (2) doing any of the following:

22               (A) delivering a copy of the summons and of the complaint
             to the individual personally;
23

24               (B) leaving a copy of each at the individual's dwelling or
             usual place of abode with someone of suitable age and discretion who
             resides there; or
25

26               (C) delivering a copy of each to an agent authorized by
             appointment or by law to receive service of process.

27   Fed. R. Civ. P. 4(e).  Pursuant to California state law an individual may be served by delivering a

28   copy of the summons and complaint by "personal delivery or any authorized agent for service of

7

1    process;" "[s]ubstitute service coupled with mailing after a good faith effort at personal service

2    has been attempted;" or "[s]ervice by publication." Cal. Code Civ. Proc. §§ 415.10, 415.20,

3    415.30, 415.50.

4        The undersigned is cognizant of the challenges faced by pro se litigants. However, it has

5    been almost two years since plaintiff commenced this action. Plaintiff was repeatedly warned

6    about the requirements of Rule 4 and explicitly warned that plaintiff had failed to file proof of

7    service on any defendant. See Galvan v. Saul, Case No. 5:19-cv-0743 CJC (GJS), 2019 WL

8    8888090, at *1 (C.D. Cal. Dec. 9, 2019) ("Given the direct warning to Plaintiff in the Initial Case

9    Management Order, there is no cause, much less good cause, for her failure to prosecute this

10   action by serving Defendant with the Complaint.").

11       When faced with defendants' motion to dismiss plaintiff did not attempt to correct the

12   error or put forth any relevant argument as to why the court should forgive the error. See Mann v.

13   Castiel, 729 F.Supp.2d 191, 199 (D. D.C. 2010) ("Although Rule 4(m) requires the Court to

14   examine the 'factors urged upon it,' plaintiffs must bring those factors to the attention of the

15   Court before it will consider them as grounds for a discretionary time extension."). In this regard,

16   the undersigned has no reason to believe that exercising discretion to grant plaintiff additional

17   time for service would result in effective service of process.

18       Accordingly, the undersigned recommends that defendants' motion to dismiss be granted

19   and the individual defendants be dismissed from this action without prejudice.[3]

20   **II.    Defendant City of Vacaville's Motion to Dismiss Pursuant to Rule 12(b)(6)**

21       Review of the third amended complaint and defendant's motion to dismiss finds that

22   defendant's motion to dismiss should be granted as the third amended complaint fails to state a

23   claim against defendant City of Vacaville for several reasons.

24       **A.    Rule 8**

25       As recounted above, the allegations found in the third amended complaint are vague,

26   conclusory, and difficult to decipher. And with respect to defendant City of Vacaville it is

27   _____

28   [3] Although not a factor in the decision, the undersigned has nonetheless reviewed the merits of
     plaintiff's claims and the sufficiency of the complaint in reaching

1    entirely unclear what plaintiff is alleging the City did wrong.  Although the Federal Rules of Civil

2    Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the

3    plaintiff's claims and must allege facts that state the elements of each claim plainly and

4    succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

5    Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

6    elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

7    assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009)

8    (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of

9    particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones,

10    733 F.2d at 649.

11    **B.**      **42 U.S.C. § 1983**

12    The third amended complaint alleges a claim for "Municipal and Supervisory Liability"

13    pursuant to 42 U.S.C. § 1983 against "all defendants."  (Third Am. Compl. (ECF No. 42) at 13.)

14    "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a

15    municipality may not be held liable for a § 1983 violation under a theory of respondeat superior

16    for the actions of its subordinates."  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th

17    Cir. 2016).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983,

18    unless a policy, practice, or custom of the entity can be shown to be a moving force behind a

19    violation of constitutional rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir.

20    2011) (citing Monell, 436 U.S. at 694).

21    In order to allege a viable Monell claim a plaintiff "must demonstrate that an 'official

22    policy, custom, or pattern' on the part of [the City] was 'the actionable cause of the claimed

23    injury.'"  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City

24    of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be

25    established.  See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010).

26    "First, a local government may be held liable 'when implementation of its official policies

27    or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell, 436 U.S.

28    at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable

1   for a policy of inaction or omission, for example when a public entity, "fail[s] to implement

2   procedural safeguards to prevent constitutional violations" or fails to adequately train its

3   employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir.

4   1992)); see also Clouthier, 591 F.3d at 1249 (quoting City of Canton v. Harris, 489 U.S. 378, 390

5   (1989)) (failure to train claim requires plaintiff show that "'the need for more or different training

6   [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights,

7   that the policymakers . . . can reasonably be said to have been deliberately indifferent to the

8   need.'"); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose

9   liability against a county for its failure to act, a plaintiff must show: (1) that a county employee

10  violated the plaintiff's constitutional rights; (2) that the county has customs or policies that

11  amount to deliberate indifference; and (3) that these customs or policies were the moving force

12  behind the employee's violation of constitutional rights.").  "Third, a local government may be

13  held liable under § 1983 when 'the individual who committed the constitutional tort was an

14  official with final policy-making authority' or such an official 'ratified a subordinate's

15  unconstitutional decision or action and the basis for it.'"  Clouthier, 591 F.3d at 1250 (quoting

16  Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

17          However, a complaint alleging a Monell violation "'may not simply recite the elements of

18  a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and

19  to enable the opposing party to defend itself effectively.'"  AE ex rel. Hernandez v. Cty. of

20  Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

21  2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ]

22  how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm,

23  and reflect[ ] how the policy/custom amounted to deliberate indifference[.]"  Young v. City of

24  Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936,

25  957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the

26  specific content of the municipal entity's alleged policy or custom.").

27          Here, the third amended complaint fails to identify any specific policy or custom at issue,

28  or any facts that would support the claim.  Instead, the third amended complaint simply alleges in

10

1   a vague and conclusory manner that the "Defendants" acted "pursuant to the following customs

2   policies, practices, and/or procedures," to "obstruct justice," "not follow protocol," "not submit

3   proper documentation," "decline assistance," etc.  (Third Am. Compl. (ECF No. 42) at 13.)

4          Accordingly, the third amended complaint fails to state a <u>Monell</u> claim against the City of

5   Vacaville.

6          **C.      Americans With Disability Act & Rehabilitations Act**

7          The third amended complaint also attempts to assert a claim against defendant City of

8   Vacaville for violation of the Americans With Disabilities Act, ("ADA"), and Rehabilitations Act

9   ("RA").  (<u>Id.</u> at 20.)  "Congress enacted the ADA 'to provide clear, strong, consistent, enforceable

10  standards addressing discrimination against individuals with disabilities.'"  <u>Arizona ex rel.</u>

11  <u>Goddard v. Harkins Amusement Enterprises, Inc.</u>, 603 F.3d 666, 669 (9th Cir. 2010) (quoting 42

12  U.S.C. § 12101(b)(2)).  "Title II is the portion of the ADA that applies to state and local

13  governments."  <u>Cohen v. City of Culver City</u>, 754 F.3d 690, 694-95 (9th Cir. 2014).

14         "To prevail under Title II, the plaintiff must show that: (1) he is a qualified individual with

15  a disability; (2) he was either excluded from participation in or denied the benefits of a public

16  entity's services, programs, or activities, or was otherwise discriminated against by the public

17  entity; and (3) this exclusion, denial, or discrimination was by reason of his disability."  <u>Id.</u>  To

18  prevail on a claim under the Rehabilitation Act, a plaintiff "must show (1) he is an individual with

19  a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of

20  the program solely by reason of his disability; and (4) the program receives federal financial

21  assistance."  <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1135 (9th Cir. 2001).

22         Here, although the third amended complaint's disability related claims are asserted against

23  "ALL DEFENDANTS" the allegations assert, in a vague and conclusory manner, that "Defendant

24  failed to reasonably accommodate Defendants (sic) disability in the course of contacting and

25  seizing him, causing her to suffer greater injury in the process than other residence in Vacaville."

26  (Third Am. Compl. (ECF No. 42) at 21.)  And the third amended complaint fails to identify a

27  benefit or service plaintiff was denied with any specificity.

28  ////

11

1    Accordingly, the third amended complaint fails to allege a viable claim pursuant to the

2    ADA or RA.

3        **D.    18 U.S.C. § 242**

4    The third amended complaint attempts to allege a claim for violation of 18 U.S.C. § 242.

5    (Id. at 22.)  18 U.S.C. § 242 does not, however, provide a private right of action as it is a criminal

6    statute.  See Powell v. Kopman, 511 F. Supp. 700, 704 (S.D. N.Y. 1981) (dismissing claim under

7    18 U.S.C. § 242, "which is the criminal analogue to [42 U.S.C.] § 1983," because "a criminal

8    provision . . . does not create a private right of action").

9        **E.    California Tort Claims Act**

10    The third amended complaint alleges state law claims for violation of California Civil

11    Code § 52.1, negligence, and California Penal Code § 646.9.  (Third Am. Compl. (ECF No. 42) at

12    15-18.)  However, the "California Tort Claims Act requires, as a condition precedent to suit

13    against a public entity, the timely presentation of a written claim and the rejection of the claim in

14    whole or in part."  Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir.

15    1995).  Plaintiff "must allege compliance or circumstances excusing compliance" in the

16    complaint. Id.

17    Here, the third amended complaint does not address the California Tort Claims Act.

18    "Thus, Plaintiff's claims under California law are properly dismissed since Plaintiff has failed to

19    allege compliance with the CTCA."  Patterson v. Warden, No. 1:12-cv-1948 JLT (PC), 2013 WL

20    5718603, at *6 (E.D. Cal. Oct. 18, 2013).

21  **III.    Further Leave to Amend**

22    The undersigned has carefully considered whether plaintiff may further amend the third

23    amended complaint to state a claim upon which relief can be granted.  "Valid reasons for denying

24    leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural

25    Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

26    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

27    while leave to amend shall be freely given, the court does not have to allow futile amendments).

28    ////

12

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)); <u>see also</u> <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, plaintiff has repeatedly amended the complaint.  In granting plaintiff leave to file a third amended complaint, the undersigned issued an order advising plaintiff of the numerous deficiencies found in the second amended complaint.  Plaintiff responded by filing the third amended complaint, which is almost identical to the second amended complaint.  Thus, in light of the deficiencies noted above and plaintiff's repeated inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.  Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.[4]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The individual defendants' January 28, 2020 motion to dismiss (ECF No. 45) be granted;

2.  The individual defendants be dismissed without prejudice;

3.  Plaintiff's February 3, 2020 motion to strike be denied (ECF No. 50);

4.  Defendant City of Vacaville's February 6, 2020 motion to dismiss (ECF No. 51) be granted;

5.  Plaintiff's February 19, 2020 motion for further leave to amend (ECF No. 54) be denied;

////

---

[4] In reaching this determination that undersigned has reviewed plaintiff's proposed fourth amended complaint.

6. Plaintiff's February 24, 2020 motion for leave to re-file (ECF No. 57) be denied;

7. The third amended complaint be dismissed without further leave to amend; and

8. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 31, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\ patterson0521.mtd.f&rs

14